UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER S. STEINERT,

Petitioner,

v.

WARDEN,

Defendant.

CAUSE NO. 3:26-CV-347-CCB-SJF

## OPINION AND ORDER

Christopher S. Steinert, a prisoner without a lawyer, filed a habeas petition challenging his conviction and ten-year sentence by the Fulton Circuit Court under cause number 25C01-2305-F4-249. ECF 1. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Steinert raises three grounds, but none of them have been presented to the Indiana Supreme Court. Steinert took a direct appeal to the Court of Appeals of Indiana which affirmed on June 24, 2025. He did not petition for transfer to the Indiana Supreme Court. *See* docket sheet for *Steinert v. State*, 24A-CR-3065 (Ind. filed December 18, 2024), available at https://public.courts.in.gov/mycase/. Steinert filed a post-conviction relief petition, but it has not yet been resolved by the trial court. *See* docket sheet for *Steinert v. State*, 25C01-2507-PC-505 (Fulton Circuit Court filed July 10, 2025), available at https://public.courts.in.gov/mycase/.

Before the court can consider the merits of his habeas claims, they must have been exhausted in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . .. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred (which has not happened here), federal habeas relief is not available. *Id.*

Before the court can dismiss a habeas corpus petition because it is unexhausted, it must "consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, a stay is not appropriate because Steinert has time to exhaust his claims in State Court and then file a new federal habeas petition before the statute of limitation expires.

For habeas corpus petitions challenging State court convictions under 2254, there is a 1-year statute of limitations which runs:

> from the latest of--

> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending [is] not . . . counted toward [the] period of limitation under th[at] subsection." 28 U.S.C. § 2244(d)(2).

Steinert's conviction was affirmed on direct appeal on June 24, 2025. He did not petition to transfer to the Indiana Supreme Court, but he had 45 days to do so before the one-year clock started. Ind. R. App. P. 57.C. Before it began running, he filed a post-conviction relief petition on July 10, 2025. Therefore, he still has a full year to file another habeas petition after the Indiana Supreme Court finishes with his post-conviction relief proceeding.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a

constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Steinert to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on May 14, 2026.

　　　　　　　　　　　　　　/s/*Cristal C. Brisco*　　　　　　
　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

4